VENABLE LLP
Susan E. Hollander (SBN 133473)
sehollander@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:  (415) 653-3750
Facsimile:   (415) 653-3755

VENABLE LLP
Tamany Vinson Bentz (SBN 258600)
tjbentz@venable.com
Sharoni S. Finkelstein (SBN 271829)
ssfinkelstein@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Plaintiff GMYL, L.P.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMYL, L.P., a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MARTIN, an individual; COPA DI VINO, an Oregon corporation; TGE.LLC, an Oregon domestic limited liability company DBA QUENETT; and DOES 1 through 10,<br><br>Defendants. | CASE NO.  2:16-cv-6518<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))**<br><br>**(2) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br><br>**(3) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**<br><br>**(4) STATE UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br><br>**(5) COMMON LAW TRADE DRESS INFRINGEMENT**<br><br>**(6) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**(7) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Plaintiff GMYL, L.P. ("GMYL"), for its Complaint against Defendants James Martin, Copa di Vino, and TGE.LLC dba Quenett (collectively, "Defendants"), alleges the following:

## INTRODUCTION

1. This is an action seeking damages and injunctive relief for Defendants' intentional and willful infringement of GMYL's[1] distinctive trade dress, and of GMYL's famous and federally registered COPPOLA and DIRECTOR'S CUT trademarks.

2. Defendants are using labels and packaging that are virtually identical to the labels and packaging used for GMYL's Diamond Collection Black Label Claret wine, the flagship wine of GMYL's Diamond Collection.  Defendants' packaging includes the marks COPA and WINEMAKER'S CUT that in context are confusingly similar to GMYL's famous, federally registered COPPOLA and DIRECTOR'S CUT trademarks.

3. Since at least as early as 2009, GMYL and its predecessors in interest, affiliates and licensees have continuously and pervasively used a unique and distinctive trade dress comprising the packaging of its Diamond Collection Black Label Claret wine.  This unique and distinctive trade dress consists of at least the following elements:  (a) a vertical rectangular black label on the front center of the wine bottle; (b) the word COPPOLA in large, bold, capital letters; (c) gold design elements, including a prominent gold emblem in the middle of the label which includes stylized grapes and grape vines; and (d) a thin gold net surrounding the entire bottle which presents an overall diamond pattern encompassing the wine bottle.  These elements are referred to herein collectively as the "Black Label

---

[1] For purposes of this Complaint, all references to GMYL's use of the Black Label Trade Dress, the COPPOLA trademarks, and the DIRECTOR'S CUT trademarks shall refer to use by GMYL and its predecessors in interest, affiliates, and/or licensees.

1   Trade Dress."

2       4.     Since at least as early as 1990, GMYL and its affiliates and licensees

3   have continuously and pervasively used the famous COPPOLA mark in connection

4   with wines.  Since at least as early as 2006, GMYL and its affiliates and licensees

5   have sold a series of limited production varietal wines under the DIRECTOR'S

6   CUT trademark.  GMYL's widespread use of COPPOLA and DIRECTOR'S CUT

7   is supported by its numerous trademark registrations that consist of or incorporate

8   the COPPOLA and DIRECTOR'S CUT trademarks.

9       5.     GMYL's Black Label Trade Dress, and its COPPOLA and

10  DIRECTOR'S CUT branded wines, have received numerous accolades over the

11  years including Wine Enthusiast's Annual Wine Star Awards, Decanter World

12  Wine Awards, and American Wine Awards, and have received unsolicited media

13  attention including in such publications as *Forbes*, *The New York Times*, *Food &*

14  *Wine*, and *Wine Spectator*.

15      6.     GMYL sells its wines under the Black Label Trade Dress and its

16  COPPOLA and DIRECTOR'S CUT branded wines through multiple channels,

17  including in grocery stores, in chain and independent restaurants, in non-grocery

18  retailers, in hospitality and service venues, and on the website

19  *www.francisfordcoppolawinery.com*.

20      7.     As a result of GMYL's extensive use, advertising, and press

21  recognition for the Black Label Trade Dress, the Black Label Trade Dress has

22  become identified in the minds of consumers exclusively with GMYL and its high

23  quality wine.  Likewise, consumers nationwide have come to associate the famous

24  COPPOLA and DIRECTOR'S CUT trademarks solely with GMYL and its high

25  quality wines.  In short, the Black Label Trade Dress and the COPPOLA and

26  DIRECTOR'S CUT trademarks are assets of substantial value to GMYL and are

27  symbols of GMYL's goodwill.

28      8.     Defendants are well aware of GMYL, including its various brands,

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

3

products, and packaging. In 2011, Defendant Martin approached Francis Coppola Winery, LLC, a company affiliated with GMYL, and proposed a potential business venture on behalf of Copa di Vino. In connection with those discussions, Martin signed a mutual non-disclosure agreement on behalf of Copa di Vino. While the parties did not ultimately enter into a business venture, Defendants clearly knew about GMYL, its various brands, products, and packaging no later than 2011.

9.     Despite having actual notice of GMYL's rights in the Black Label Trade Dress and the COPPOLA and DIRECTOR'S CUT trademarks, Defendants began marketing and offering for sale wines in the United States, including in this district, with labels and packaging that are virtually identical to GMYL's Black Label Trade Dress. Defendant's identical packaging and labels are no doubt intended to copy the GMYL's Black Label Trade Dress. Below is a comparison of GMYL's wine and Defendants' wine bearing the confusingly similar trade dress:

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

| GMYL's COPPOLA Wine | Defendants' COPA Wine |
|---|---|
| | |

As shown above, Defendants' wine bottles bear a vertical rectangular black label on the front center of the bottle; feature gold design elements, including grapes and grape vines; use marks that are similar to GMYL's registered trademarks; and are wrapped in gold netting to present an overall diamond pattern encompassing the wine bottle (the "Infringing Trade Dress").  Defendants' prominent use of the word "COPA" in large, bold, capital letters is confusingly similar to GMYL's COPPOLA trademarks and only increases the similarity between the Infringing

Trade Dress and GMYL's Black Label Trade Dress. Defendants' use of the phrase WINEMAKER'S CUT is evocative of and confusingly similar to GMYL's DIRECTOR'S CUT mark and brand and also increases the similarity between the Infringing Trade Dress and GMYL's Black Label Trade Dress. Defendants' marks COPA and WINEMAKER'S CUT, are referred to herein collectively as the "Infringing Trademarks".

10. Defendants offered to sell wine with the Infringing Trade Dress and Infringing Trademarks through a major retail grocery chain. This grocery chain is also a major retail outlet for GMYL's wines, including wines with the Black Label Trade Dress and COPPOLA and DIRECTOR'S CUT trademarks. Upon information and belief, to encourage the imminent sale of wine with the Infringing Trade Dress and Infringing Trademarks, Defendants distributed at least one bottle of wine bearing the Infringing Trade Dress and Infringing Marks to a purchasing agent for the major retail grocery chain.

11. Given Defendants' use of a trade dress virtually identical to GMYL's Black Label Trade Dress in connection with identical wine products in identical channels of trade, consumer confusion is not only likely but inevitable.

12. This action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* for (a) trade dress infringement; (b) trademark infringement in violation of 15 U.S.C. § 1114; (c) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (d) state unfair competition in violation of Cal. Bus. & Prof. Code §17200; (e) trade dress infringement in violation of GMYL's common law rights; (f) trademark infringement in violation of GMYL's common law rights; and (g) unfair competition in violation of GMYL's common law rights.

## THE PARTIES

13. GMYL is a limited partnership organized and existing under the laws of the State of California.

COMPLAINT

14.     Upon information and belief, Defendant Copa di Vino ("Copa di Vino") is an Oregon corporation with a principal place of business located at 901 2nd Street, the Dalles, OR 97058.  Upon information and belief, Copa di Vino produces, bottles, and sells wine bearing the Infringing Trade Dress.

15.     Upon information and belief, Defendant TGE.LLC ("TGE") is an Oregon domestic limited liability company with a principal place of business located at 4010 Emmerson LP, The Dalles, OR 97058.  Upon information and belief, TGE distributes Copa di Vino's wine bearing the Infringing Trade Dress.

16.     Upon information and belief, Defendant James Martin ("Martin") is the owner and President of Copa di Vino and is the owner and sole Manager of TGE.

17.     GMYL is currently unaware of the identities of defendants Does 1–10, and therefore, sues such defendants by such pseudonyms.  Upon information and belief, discovery will reveal the true identities of those defendants and GMYL will then amend this Complaint to identify those defendants by name.

18.     Upon information and belief, there now exists, and at all relevant times herein there existed, a unity of interest and ownership between and among Defendants, such that any individuality and separateness between and among them has ceased to exist, and Defendants, and each of them, are the alter egos of each other.  Upon information and belief, at all material times herein, each defendant was the agent, employee, partner, or representative of every other defendant, and each has the authority to bind the others in transactions with third parties.  Upon information and belief, each defendant named herein committed acts and omissions leading to GMYL's damages, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and in so doing acted within the scope and course of their agency with every other defendant named herein and each of them authorized, directed, accepted, ratified, and approved of such actions.

**JURISDICTION AND VENUE**

19.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*
and contains related California statutory and common law claims.  This Court has
subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338
and 15 U.S.C. § 1121, as this is an action arising under the laws of the United
States and relating to trademarks.  This Court has subject matter jurisdiction over
the state and common law claims pursuant to 28 U.S.C. § 1367, as those claims are
so related to Plaintiff's Lanham Act claims that they form part of the same case or
controversy as the federal claims herein.

20.     Venue is proper in this district pursuant to 28 U.S.C § 1391(b)
because a substantial part of the events that give rise to this action occurred in this
judicial district.

21.     This Court has personal jurisdiction over Defendants because, among
other things, Defendants are doing business in the state of California.  Indeed
Defendant purposefully directs and conducts business in California and the acts of
infringement complained of in this action took place in the state of California.
Defendants sell products throughout California and have distributed wine bearing
the Infringing Trade Dress and Infringing Marks to at least one distributor within
the judicial district and offered wine with the Infringing Trade Dress for sale to at
least one distributor in this judicial district.  Upon information and belief, Martin
directed and controlled the infringing conduct within this judicial district.

22.     Defendants also knowingly directed tortious acts at GMYL whom
Defendants knew were in California, and have committed tortious acts that they
knew or should have known would cause injury to GMYL in California.

**FACTUAL ALLEGATIONS**

A.     **GMYL's Black Label Trade Dress**

23.     Since at least as early as 2009, GMYL has continuously and
pervasively sold its Diamond Collection Black Label Claret wine ("Coppola

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

Claret"), the flagship wine of GMYL's Diamond Collection, under a unique and distinctive trade dress consisting of at least the following elements:

- A vertical rectangular black label on the front center of the wine bottle;
- The word COPPOLA in large, bold, capital letters;
- Gold design elements, including a prominent gold emblem in the middle of the label which includes stylized grapes and grape vines; and
- A thin gold net surrounding the entire bottle which presents an overall diamond pattern encompassing the wine bottle.

The elements of GMYL's trade dress described in this Paragraph are referred to herein as the Black Label Trade Dress. Attached hereto as <u>Exhibit A</u> is a true and correct photograph of the Coppola Claret bearing the Black Label Trade Dress.

24. The unique Black Label Trade Dress is inherently distinctive.

25. The strength and distinctiveness of the Black Label Trade Dress is buttressed by its secondary meaning in the marketplace. GMYL has marketed, promoted, advertised, and sold its wine under the Black Label Trade Dress in and through a variety of venues, including in grocery stores, in chain and independent restaurants, in non-grocery retailers, in hospitality and service venues, and on the popular website *www.francisfordcoppolawinery.com*. To date, GMYL's wine featuring the Black Label Trade Dress has achieved tens of millions of dollars in revenue.

26. GMYL has invested significant time and resources in promoting its high quality wines and distinctive Black Label Trade Dress, and these wines have received substantial accolades and awards. GMYL's Coppola Claret bearing the Black Label Trade Dress has also been the subject of substantial promotion and unsolicited media attention in the *Los Angeles Times*, *Food & Beverage Magazine*, *The Press Democrat*, TheWineBuzz.com, and TheTimesWeekly.com, among other publications. Most of these publications prominently feature images of the unique and distinctive Black Label Trade Dress.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

27.     As a result of the promotional efforts and media attention outlined above, GMYL and its Black Label Trade Dress enjoy extensive goodwill and consumer recognition.  In sum, GMYL's Black Label Trade Dress is inherently distinctive, has become known by the public as designating the highest level of quality, and has acquired secondary meaning in that it is associated in the minds of the public exclusively with GMYL and its high quality products.

28.     Upon information and belief, GMYL is the only entity that sells wine produced in the United States which is encased in gold netting.

29.     Further, the Black Label Trade Dress is non-functional.  The elements which comprise the Black Label Trade Dress do not contribute to or improve the functionality of the wine or its packaging, nor do they affect the cost or quality of the wine.

**B.    GMYL's COPPOLA and DIRECTOR'S CUT Trademarks**

30.     For over twenty five years, GMYL has developed and continuously used the famous federally registered COPPOLA marks in connection with wines. GMYL sells its COPPOLA-branded wines and related products and services through multiple channels, including in grocery stores, in chain and independent restaurants, in non-grocery retailers, in hospitality and service venues, and on the website *www.franciscoppolawinery.com*, displaying the COPPOLA mark in a predominant manner.  Attached hereto as Exhibit B are photos of GMYL's wines predominantly displaying the COPPOLA mark.

31.     The following is a list of GMYL's numerous U.S. trademark registrations for the COPPOLA mark and marks incorporating COPPOLA in connection with wine, which are registered with the U.S. Patent and Trademark Office ("USPTO"), and display the COPPOLA mark:

| Mark | Reg. No. | Reg. Date | First Use Date | Class/Goods |
|---|---|---|---|---|
| COPPOLA | 4630555 | 11/04/2014 | 12/01/1990 | 33 – wine |
| FRANCIS COPPOLA | 2150945 | 04/14/1998 | 12/01/1990 | 33 – wines |

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

| Mark | Reg. No. | Reg. Date | First Use Date | Class/Goods |
|---|---|---|---|---|
| THE FAMILY COPPOLA | 4857752 | 11/24/2015 | 08/14/2014 | 33 – alcoholic beverages except beers |
| FRANCIS FORD COPPOLA WINERY & Design  | 4738056 | 05/19/2015 | 07/02/2013 | 33 – alcoholic beverages excluding beer; grappa |
| COPPOLA ROSSO & BIANCO | 4916331 | 03/15/2016 | 04/00/2012 | 33 – wine |
| FRANCIS COPPOLA SOFIA | 4440932 | 11/26/2013 | 10/03/2012 | 33 – wine |
| NIEBAUM-COPPOLA | 2150948 | 04/14/1998 | 04/30/1995 | 33 – wines |
| NIEBAUM-COPPOLA NC RUTHERFORD CALIFORNIA  | 2156846 | 05/12/1998 | 04/30/1995 | 33 – wines |

Collectively, the COPPOLA-based marks shown in the above chart are referred to herein as the "COPPOLA Marks."

32.     Attached hereto as Exhibit C are true and correct copies of the registration certificates for the above marks.  (The last two registrations shown in the chart above are owned by a company related to GMYL such that the entities constitute a single source.)

33.     For over ten years, since at least as early as 2006, GMYL has developed and continuously used the well-known DIRECTOR'S CUT mark as the brand name for a series of limited production varietal wines.  Attached hereto as

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

Exhibit D is a true and correct screenshot of GMYL's website *www.francisfordcoppolawinery.com* prominently featuring the DIRECTOR'S CUT mark. In recognition of the distinctiveness of this mark, on September 30, 2008, the USPTO issued to GMYL U.S. Registration No. 3510021 for the mark FRANCIS FORD COPPOLA DIRECTOR'S CUT for use in connection with wine. Attached hereto as Exhibit E is a true and correct copy of the registration certificate for the FRANCIS FORD COPPOLA DIRECTOR'S CUT mark. Collectively, the DIRECTOR'S CUT brand and FRANCIS FORD COPPOLA DIRECTOR'S CUT mark are referred to herein as the "DIRECTOR'S CUT Marks."

34.     The registrations set forth in Exhibits C and E are valid and subsisting in full force, unrevoked, and uncancelled. Notably, Registration Nos. 2150945, 2150948, 2156846, and 3510021 are incontestable pursuant to 15 U.S.C. § 1065.

35.     The strength and distinctiveness of the COPPOLA Marks and DIRECTOR'S CUT Marks are buttressed by their widespread secondary meaning in the marketplace. GMYL has marketed, promoted, advertised, and sold wines under the COPPOLA Marks and DIRECTOR'S CUT Marks through multiple channels including in grocery stores, in chain and independent restaurants, in non-grocery retailers, in hospitality and service venues, and on the website *www.francisfordcoppolawinery.com.*

36.     GMYL's COPPOLA brand has been the subject of substantial promotion and unsolicited media attention, including, but not limited to, coverage by and/or reference on abcnews.com, cbsnews.com, *The New York Times*, *Food & Wine*, *Entertainment Tonight*, the *Today Show*, the *Academy Awards*, *Wall Street Journal* News Hub, NewYorkLiveTV.com, the Aspen Wine and Food Festival, Forbes.com, and the *Wall Street Journal* SpeakEasy blog. Further, sales of goods bearing the COPPOLA marks throughout the nation have been in the billions of dollars since 1996. Such promotion, media attention, and sales render the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COPPOLA Marks distinctive and famous, and the prominent use of COPPOLA signals to consumers that the products sold under the COPPOLA Marks come from the same source.  For the same reason, GMYL's COPPOLA Marks have garnered significant secondary meaning.

37.     Similarly, GMYL's DIRECTOR'S CUT branded wines have received substantial accolades and awards, and have been the subject of substantial promotion and unsolicited media attention in Forbes.com and *The Wall Street Journal* SpeakEasy blog.  Further, sales of wines bearing the DIRECTOR'S CUT Marks have been in the tens of millions of dollars.

38.     As a result of the promotional efforts and media attention outlined above, GMYL and its COPPOLA Marks and DIRECTOR'S CUT Marks enjoy extensive goodwill and consumer recognition.  In sum, GMYL's COPPOLA Marks and DIRECTOR'S CUT Marks are inherently distinctive, have become known by the public as designating the highest level of quality, and have acquired secondary meaning in that they are associated in the minds of consumers with GMYL and its quality products and services.

## C.     Defendants' Unlawful Conduct

39.     In or around 2011, well after GMYL's first use of the Black Label Trade Dress and the famous federally registered COPPOLA Marks and DIRECTOR'S CUT Marks, Defendant Martin discussed a potential business venture on behalf of Copa di Vino with one of GMYL's affiliated companies, Francis Coppola Winery, LLC.  In connection with those discussions, Defendant Martin signed a mutual non-disclosure agreement on behalf of Copa di Vino.  By virtue of Defendant Martin's discussions, Defendants were very familiar with and had full knowledge of GMYL and of its various brands, products, and packaging no later than 2011.  The parties did not enter into a business venture.

40.     After having actual notice of GMYL's rights in the Black Label Trade Dress, COPPOLA Marks, and DIRECTOR'S CUT Marks, Defendants began

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

marketing and offering for sale wines in the United States with labels and packaging that comprise the Infringing Trade Dress, and that are virtually identical to GMYL's Black Label Trade Dress. Attached hereto as <u>Exhibit F</u> is a true and correct photograph of Defendants' wine bearing the Infringing Trade Dress.

41.     In or around February 2016, Defendants Martin and TGE applied for and obtained a Certificate of Label Approval ("COLA") from the U.S. Department of the Treasury, Alcohol and Tobacco Tax and Trade Bureau for the label that forms part of the Infringing Trade Dress. Attached hereto as <u>Exhibit G</u> is a true and correct copy of Martin's and TGE's COLA.

42.     As shown at <u>Exhibits F–G</u>, the Infringing Trade Dress consists of the following elements: (a) a vertical rectangular black label on the front center of the bottle; (b) the word COPA prominently placed in large, bold, capital letters; (c) gold design elements including a prominent gold emblem on a black label which includes grapes and grape vines; and (d) a thin gold net surrounding the entire bottle which presents an overall diamond pattern encompassing the wine bottle. Under the word COPA are the words "Winemaker's Cut."[2]

43.     The Infringing Trade Dress is highly similar in appearance and overall impression to GMYL's Black Label Trade Dress. *First*, both bottles feature a vertical rectangular black label on the front center of the bottle. *Second*, the Black Label Trade Dress prominently features the word COPPOLA in large, bold, capital letters, while the Infringing Trade Dress prominently features the highly similar word COPA in large, bold, capital letters in block font that is strikingly similar to

---

[2] Defendants Martin and TGE also applied for and obtained a COLA for a similar label for use in connection with Defendants' white wine blend, which appears to feature a similar label design. Upon information and belief, Defendants' white wines featuring the similar label will also be wrapped in a thin gold net surrounding the entire bottle which presents an overall diamond pattern encompassing the wine bottle. Attached hereto as **Exhibit H** is a true and correct copy of Defendants' web page located at *http://www.copadivino.com* showing Defendants' white wine packaging.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

the font used on the Black Label Trade Dress.  *Third*, both bottles include gold design elements, including a prominent gold emblem on a black label which includes grapes and grape vines.  *Fourth*, both bottles are encased in a unique delicate gold netting which presents an overall diamond pattern encompassing the wine bottle.  Increasing the similarity is Defendants' prominent use of the word "COPA" in large, bold, capital letters, which is confusingly similar to GMYL's famous and federally registered COPPOLA Marks, and Defendants' use of the phrase "Winemaker's Cut," which is evocative of and confusingly similar to the DIRECTOR'S CUT Marks.  Representative side-by-side comparisons of the Black Label Trade Dress and the Infringing Trade Dress are shown below:



| GMYL's COPPOLA Wine | Defendants' COPA Wine |
|---|---|
|  |  |
|  |  |

44. GMYL's and Defendants' respective trade dresses are used on or in connection with identical wine products, and are sold in identical channels of trade. For example, upon information and belief, Defendant's wine bearing the Infringing Trade Dress has been marketed and distributed to at least one major retail grocery chain, which is just one of many retail grocery chains at and through which GMYL's wines bearing the Black Label Trade Dress is sold.

45. Upon information and belief, Defendants selected the Infringing Trade dress with the intent to copy the Black Label Trade Dress to mislead consumers and to take advantage of GMYL's goodwill and brand recognition. In other words, upon information and belief, Defendants adopted the Infringing Trade Dress with intent to deceive its consumers as to the source or origin of its wines.

46. Upon information and belief, Defendant Martin directed and controlled Defendants infringing conduct, including the design of the Infringing Trade Dress and offer to sell wine bottles with the Infringing Trade Dress. Upon information and belief, Defendant Martin was the moving force behind the infringing activity and Defendants intentional copying of the Black Label Trade Dress.

47. Defendants began marketing and offering for sale the wines bearing the Infringing Trade Dress in the United States with knowledge of GMYL's exclusive rights and long after GMYL first used its well-known and distinctive Black Label Trade Dress in commerce in the United States, and decades after GMYL first used its highly recognizable COPPOLA Marks and DIRECTOR'S CUT Marks in commerce in the United States. As set forth above, GMYL has continuously used the Black Label Trade Dress since at least as early as 2009, the COPPOLA Marks since at least as early as 1990, and the DIRECTOR'S CUT Marks since at least as early as 2006, and thus is the prior and senior user of the trade dress and marks.

48. Defendants' Infringing Trade Dress is confusingly similar to GMYL's Black Label Trade Dress, and the COPA and WINEMAKER'S CUT marks used on the Infringing Trade Dress are confusingly similar to GMYL's federally registered COPPOLA Marks and DIRECTOR'S CUT Marks. Consumers are likely to be confused, mistaken, or deceived as to the affiliation, connection, or association of Defendants with GMYL, or as to the origin, sponsorship, or approval of Defendants' products by GMYL, in violation of 15 U.S.C. § 1125(a). Defendants' conduct is also likely to induce consumers to believe, contrary to fact, that their wines bearing the Infringing Trade Dress are sponsored, endorsed, approved by, or connected with GMYL.

49. Upon information and belief, Defendants had actual knowledge of GMYL's rights in the Black Label Trade Dress, the COPPOLA Marks, and the

1   DIRECTOR'S CUT Marks such that Defendants' subsequent adoption and use of

2   the Infringing Trade Dress—including the words COPA and WINEMAKER'S

3   CUT—in the United States constitutes willful infringement of GMYL's rights

4   pursuant to 15 U.S.C. § 1117(a).

5   **FIRST CLAIM FOR RELIEF**

6   **(Trade Dress Infringement, 15 U.S.C. § 1125(a))**

7   **(Against All Defendants)**

8       50.    GMYL hereby incorporates by reference as though fully set forth

9   herein paragraphs 1 through 49, inclusive.

10       51.    For over seven years, GMYL has continuously and pervasively used

11   the Black Label Trade Dress.

12       52.    By virtue of its substantially exclusive use of the Black Label Trade

13   Dress, GMYL owns a valid and protectable interest in the Black Label Trade

14   Dress.

15       53.    Through the promotion, advertisement, marketing, and sale of goods

16   under the Black Label Trade Dress, the consuming public has come to recognize

17   that the Black Label Trade Dress indicates a common origin of goods and services.

18       54.    Upon information and belief, Defendants exercised joint control over,

19   and have acted in concert and participated in, the decision to use the Infringing

20   Trade Dress, and have induced, cooperated, lent aid, and encouraged use of the

21   same.  Such actions constitute use of colorable imitations of GMYL's Black Label

22   Trade Dress in connection with the advertising or sale of unauthorized goods in

23   commerce.  This conduct creates a likelihood of confusion, mistake, or deception

24   as to the affiliation, connection, or association of Defendants with GMYL, or as to

25   the origin, sponsorship, or approval of Defendants' products by GMYL.

26   Defendants' conduct is likely to induce consumers to believe, contrary to fact, that

27   Defendants' wines bearing the Infringing Trade Dress are sponsored, endorsed,

28   approved by, or connected with GMYL.

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

55.     Defendants' conduct is without GMYL's permission or authority. Upon information and belief, by virtue of their attempted business venture with GMYL and its affiliated companies, Defendants had actual knowledge of GMYL's prior and senior rights in the Black Label Trade Dress.  As a result, Defendants have committed their infringement with full knowledge of GMYL's rights in the Black Label Trade Dress.  Thus, Defendants have willfully, deliberately, and maliciously engaged in the described acts with an intent to injure GMYL and to deceive the public.

56.     Defendants' conduct has been and is being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with GMYL's Black Label Trade Dress.  Such acts have damaged, impaired, and diluted that part of GMYL's goodwill symbolized by its well-known Black Label Trade Dress, to GMYL's immediate and irreparable harm.

57.     Defendants' unauthorized use of the Infringing Trade Dress, which is confusingly similar to GMYL's Black Label Trade Dress, in connection with and to identify their wines, constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).  Upon information and belief, Defendants, and each of them, have profited from this infringement.

58.     Defendants' conduct has caused damage to GMYL in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the Black Label Trade Dress, for which there is no adequate remedy at law.

59.     In light of the foregoing, GMYL is entitled to injunctive relief prohibiting Defendants from using the Infringing Trade Dress, or any trade dress confusingly similar to GMYL's Black Label Trade Dress for any purpose, and to recover from Defendants all damages, including attorneys' fees, that GMYL has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement of the COPPOLA and DIRECTOR'S CUT Trademarks, 15 U.S.C. § 1114)

### (Against all Defendants)

60.    GMYL hereby incorporates by reference as though fully set forth herein paragraphs 1 through 59, inclusive.

61.    GMYL owns the following valid and protectable federal trademark registrations for wine:  COPPOLA, Registration No. 4630555; FRANCIS COPPOLA, Registration No. 2150945; THE FAMILY COPPOLA, Registration No. 4857752; FRANCIS FORD COPPOLA WINERY & Design, Registration No. 4738056; COPPOLA ROSSO & BIANCO, Registration No. 4916331; FRANCIS COPPOLA SOFIA, Registration No. 4440932; and FRANCIS FORD COPPOLA DIRECTOR'S CUT, Registration No. 3510021.  GMYL's affiliated company owns the following valid and protectable federal trademark registrations for wine: NIEBAUM-COPPOLA, Registration No. 2150948; and NIEBAUM-COPPOLA NC RUTHERFORD CALIFORNIA & Design, Registration No. 2156846.  The NIEBAUM-COPPOLA registrations are owned by a company related to GMYL, such that the entities constitute a single source.

62.    The COPPOLA Marks and DIRECTOR'S CUT Marks are inherently distinctive.  Both marks have acquired secondary meaning as described above.

63.    Upon information and belief, Defendants exercised joint control over, and have acted in concert and participated in, the decision to use COPA and WINEMAKER'S CUT to identify their wines, and have induced, cooperated, lent aid, and encouraged use of these marks.  Such action constitutes use of colorable imitations of GMYL's COPPOLA and FRANCIS FORD COPPOLA DIRECTOR'S CUT marks in connection with the advertising or sale of unauthorized goods in commerce.  This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants

1    with GMYL, or as to the origin, sponsorship, or approval of Defendants' products

2    by GMYL.  Defendants' conduct is likely to induce consumers to believe, contrary

3    to fact, that their wines bearing the Infringing Trade Dress are sponsored,

4    endorsed, approved by, or connected with GMYL.

5        64.    Defendants' conduct is without GMYL's permission or authority.

6    Upon information and belief, by virtue of their attempted business venture with

7    GMYL, Defendants had actual knowledge of GMYL's prior and senior rights in

8    the COPPOLA Marks and DIRECTOR'S CUT Marks.  As a result, Defendants

9    have committed their infringement with full knowledge of GMYL's rights in the

10   COPPOLA Marks and DIRECTOR'S CUT Marks.  Thus, Defendants have

11   willfully, deliberately, and maliciously engaged in the described acts with an intent

12   to injure GMYL and to deceive the public.

13       65.    Defendants' use of the COPA and WINEMAKER'S CUT marks

14   without authority from GMYL in connection with and to identify their goods,

15   where the COPA and WINEMAKER'S CUT marks are confusingly similar to

16   GMYL's COPPOLA Marks and DIRECTOR'S CUT Marks as set forth above,

17   constitutes trademark infringement in violation of 15 U.S.C. § 1114.  Upon

18   information and belief, Defendants, and each of them, have profited from this

19   infringement.

20       66.    This is an exceptional case under 15 U.S.C. § 1117(a).

21       67.    Defendants' conduct has caused damage to GMYL in an amount to be

22   determined at trial, and unless restrained, will continue to seriously and irreparably

23   impair further the value of the COPPOLA and DIRECTOR'S CUT marks, for

24   which there is no adequate remedy at law.

25       68.    In light of the foregoing, GMYL is entitled to injunctive relief

26   prohibiting Defendants from using the COPA and WINEMAKER'S CUT marks,

27   or any mark confusingly similar to GMYL's COPPOLA and DIRECTOR'S CUT

28   marks for any purpose, and to recover from Defendants all damages, including

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

21

1    attorneys' fees, that GMYL has sustained and will sustain as a result thereof, in an

2    amount not yet known, but which circumstances warrant trebling pursuant to 15

3    U.S.C. § 1117, as well as the costs of this action.

### THIRD CLAIM FOR RELIEF

4

**(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. §**

5

**1125(a))**

6

**(Against all Defendants)**

7

8    69.    GMYL hereby incorporates by reference as though fully set forth

9    herein paragraphs 1 through 68, inclusive.

10   70.    Defendant's actions as alleged herein constitute use in commerce of

11   certain trade dress and false designations of origin in connection with the sale and

12   advertising of unauthorized goods.  This conduct creates a likelihood of confusion,

13   mistake, or deception as to the affiliation, connection, or association of Defendants

14   with GMYL, or as to the origin, sponsorship, or approval of Defendants' products

15   by GMYL.  Defendants' conduct is likely to induce consumers to believe, contrary

16   to fact, that Defendants' wines bearing the Infringing Trade Dress are sponsored,

17   endorsed, approved by, or connected with GMYL.

18   71.    Defendants' conduct is without GMYL's permission or authority.

19   Upon information and belief, by virtue of their attempted business venture with

20   GMYL, Defendants had actual knowledge of GMYL's prior and senior rights in

21   the Black Label Trade Dress and in the COPPOLA Marks and DIRECTOR'S CUT

22   Marks.  As a result, Defendants have committed their infringement with full

23   knowledge of GMYL's rights in the Black Label Trade Dress and in the

24   COPPOLA Marks and DIRECTOR'S CUT Marks.  Thus, Defendants have

25   willfully, deliberately, and maliciously engaged in the described acts with an intent

26   to injure GMYL and to deceive the public.

27   72.    Defendants' use of the Infringing Trade Dress, including the

28   prominent use of COPA and WINEMAKER'S CUT, without authority from

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

GMYL in connection with and to identify their goods, where the Infringing Trade Dress is confusingly similar to GMYL's Black Label Trade Dress and COPPOLA Marks and DIRECTOR'S CUT Marks as set forth above, constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a). Upon information and belief, Defendants, and each of them, have profited from this infringement.

73.     This is an exceptional case under 15 U.S.C. § 1117(a).

74.     Defendants' conduct has caused damage to GMYL in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the Black Label Trade Dress and the COPPOLA Marks and DIRECTOR'S CUT Marks, for which there is no adequate remedy at law.

75.     In light of the foregoing, GMYL is entitled to injunctive relief prohibiting Defendants from using the Infringing Trade Dress, or any trade dress confusingly similar to GMYL's Black Label Trade Dress for any purpose, and to recover from Defendants all damages, including attorneys' fees, that GMYL has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (State Unfair Competition, Cal. Bus. & Prof. Code §17200)

### (Against all Defendants)

76.     GMYL hereby incorporates by reference as though fully set forth herein paragraphs 1 through 75, inclusive.

77.     Defendants' conduct alleged herein constitutes trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a). Defendants' conduct thus constitutes willful and deliberate unfair competition in wanton disregard of GMYL's valuable intellectual property rights.  Upon information and belief, Defendants, and each of them, have profited from this

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

infringement.

78.    Defendants' conduct has directly and proximately caused and will continue to cause GMYL substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of GMYL's Black Label Trade Dress, for which there is no adequate remedy at law.

79.    In light of the foregoing, GMYL is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 *et seq.* restraining Defendants from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendants through their wrongful conduct.

## **FIFTH CLAIM FOR RELIEF**

### **(Common Law Trade Dress Infringement)**

### **(Against All Defendants)**

80.    GMYL hereby incorporates by reference as though fully set forth herein paragraphs 1 through 79, inclusive.

81.    Defendants' activities alleged herein have violated GMYL's trade dress rights under the common law.  Upon information and belief, Defendants, and each of them, have profited from this infringement.

82.    As a direct result of Defendants' actions, Defendants have been unjustly enriched through fraudulent conversion to their own profits of GMYL's goodwill and its rights in the Black Label Trade Dress.

83.    In light of the foregoing, GMYL is entitled to injunctive relief prohibiting Defendants from using the Infringing Trade Dress, or any mark or trade dress confusingly similar to GMYL's Black Label Trade Dress for any purpose, and to recover from Defendants all damages, including attorneys' fees, that GMYL has sustained and will sustain as a result thereof, as well as the costs of this action.

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

### (Against All Defendants)

84.     GMYL hereby incorporates by reference as though fully set forth herein paragraphs 1 through 83, inclusive.

85.     Defendants' activities alleged herein have violated GMYL's trademark under the common law.  Upon information and belief, Defendants, and each of them, have profited from this infringement.

86.     As a direct result of Defendants' actions, Defendants have been unjustly enriched through fraudulent conversion to their own profits of GMYL's goodwill and its rights in the COPPOLA Marks and DIRECTOR'S CUT Marks, and upon information and belief have caused GMYL to lose sales of its genuine products.

87.     In light of the foregoing, GMYL is entitled to injunctive relief prohibiting Defendants from using the COPA and WINEMAKER'S CUT marks, or any mark confusingly similar to GMYL's COPPOLA Marks and DIRECTOR'S CUT Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that GMYL has sustained and will sustain as a result thereof, as well as the costs of this action.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

### (Against all Defendants)

88.     GMYL hereby incorporates by reference as though fully set forth herein paragraphs 1 through 87, inclusive.

89.     Defendants' conduct alleged herein constitutes use of colorable imitations of GMYL's Black Label Trade Dress in connection with the advertising or sale of unauthorized goods in commerce.  These activities create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of

Defendants with GMYL, or as to the origin, sponsorship, or approval of Defendants' products by GMYL.  Defendants' conduct is likely to induce consumers to believe, contrary to fact, that Defendants' goods are sponsored, endorsed, approved by, or connected with GMYL.

90.     Defendants' conduct is willful, deliberate, and intended to confuse the public and to injure GMYL.  Further, Defendants' conduct is oppressive and malicious in that it is intended to injure GMYL and is carried on by Defendants with a willful and conscious disregard of the rights of others.

91.     Defendants' conduct constitutes unfair competition under California common law.

92.     Defendants' conduct has caused damage to GMYL in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of GMYL's Black Label Trade Dress, for which there is no adequate remedy at law.  Upon information and belief, Defendants, and each of them, have profited from this activity.

93.     In light of the foregoing, GMYL is entitled to injunctive relief prohibiting Defendants from using the Infringing Trade Dress, or any mark or trade dress confusingly similar to GMYL's Black Label Trade Dress for any purpose, and to recover from Defendants all damages, including attorneys' fees, that GMYL has sustained and will sustain as a result thereof, as well as the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, GMYL requests that judgment be entered in its favor and against Defendants as follows:

1.     For an order and judgment that Defendants have infringed GMYL's Black Label Trade Dress and COPPOLA Marks and DIRECTOR'S CUT Marks in violation of GMYL's rights under federal law, common law, and/or California law;

2.     For an order and judgment that Defendants have unfairly competed with GMYL in violation of GMYL's rights under 15 U.S.C. § 1125(a), common

1  law, and/or California law;

2      3.    For a preliminary and permanent injunction enjoining and restraining

3  Defendants, and their agents, affiliates, employees, and all persons in active

4  concert or participation with them, from:

5      a.    Producing, selling, offering for sale, distributing, advertising,

6  providing, or promoting any goods not authorized by GMYL under the Infringing

7  Trade Dress, or under any other designation or trade dress that so resembles

8  GMYL's Black Label Trade Dress as to be likely to cause confusion, mistake, or

9  deception;

10      b.    Producing, selling, offering for sale, distributing, advertising,

11  providing, or promoting any goods not authorized by GMYL under the COPA or

12  WINEMAKER'S CUT marks, or under any other designation or mark that so

13  resembles GMYL's COPPOLA Marks and DIRECTOR'S CUT Marks as to be

14  likely to cause confusion, mistake, or deception; and

15      c.    Directly or indirectly using the Infringing Trade Dress, any

16  colorable imitation of GMYL's Black Label Trade Dress, the COPA or

17  WINEMAKER'S CUT marks, or any colorable imitation of the COPPOLA Marks

18  and DIRECTOR'S CUT Marks, or any other designation or trade dress that

19  infringes or dilutes the Black Label Trade Dress, the COPPOLA Marks, or the

20  DIRECTOR'S CUT Marks in any manner;

21      4.    For an order requiring Defendants to file with this Court and serve

22  upon GMYL within fifteen (15) days after issuance of any injunction, a report in

23  writing under oath setting forth in detail the manner and form in which Defendants

24  have complied with the injunction;

25      5.    For an order requiring Defendants to account to GMYL for any and

26  all profits derived by Defendants from the use of the Infringing Trade Dress, or any

27  designation or trade dress confusingly similar to GMYL's Black Label Trade

28  Dress, and for all damages sustained by GMYL by reason of Defendants' acts of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

infringement, false designation of origin, unfair competition, and injury to business reputation complained of in this Complaint, and that such amounts be held in constructive trust for GMYL;

      6.     That the Court award GMYL:

      a.     All profits derived by Defendants' wrongful acts complained of herein;

      b.     All damages sustained by reason of the wrongful acts complained of herein;

      c.     Treble the amount of actual damages suffered by GMYL under 15 U.S.C. § 1117;

      d.     Restitution for Defendants' unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

      e.     Punitive and exemplary damages against Defendants and in favor of GMYL in an amount sufficient to deter and punish Defendants for their willful and wrongful acts;

      f.     Its costs incurred in this action;

      g.     Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

      h.     Pre-judgment and post-judgment interest;

      7.     Such other and further relief as this Court deems just and proper.

Dated:  August 30, 2016

VENABLE LLP

By:  /s/ Tamany Vinson Bentz

Susan E. Hollander
Tamany Vinson Bentz
Sharoni S. Finkelstein
Attorneys for Plaintiff
GMYL, L.P.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff GMYL, L.P. hereby demands a trial by jury for all issues to which it is so entitled.


Dated:  August 30, 2016                    VENABLE LLP

                                           By:  /s/ Tamany Vinson Bentz
                                                Susan E. Hollander
                                                Tamany Vinson Bentz
                                                Sharoni S. Finkelstein
                                                Attorneys for Plaintiff
                                                GMYL, L.P.

COMPLAINT